IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Contrina Lacretrica Bell,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>South Carolina State Housing Finance and Development Authority, a/k/a SC Housing Authority,<br><br>　　　　　Defendant. | C/A No. 3:25-cv-2685-SAL<br><br><br>**ORDER** |

　　　　Plaintiff Contrina Lacretrica Bell, proceeding pro se, filed this action alleging claims against the South Carolina State Housing Finance and Development Authority a/k/a SC Housing Authority ("Defendant"). This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the action be summarily dismissed because the court lacks subject matter jurisdiction. [ECF No. 8.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. *Id.* at 15. Plaintiff has not filed objections, and the time for doing so has expired.

## REVIEW OF A REPORT AND RECOMMENDATION

　　　　The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo*

1

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report details the relevant facts and applicable law, and the court incorporates that discussion without a full recitation. Briefly, Plaintiff previously filed a case against this same Defendant concerning the same loan at issue here. *See Bell v. South Carolina State Housing Finance and Development Authority*, 3:24-cv-6493 (D.S.C.). This court dismissed Plaintiff's

2

earlier case as frivolous, because there was no private right of action under several of the authorities Plaintiff relied upon, and because she otherwise failed to allege facts sufficient to state a claim. *See id.*, ECF Nos. 7, 12. In this action, Plaintiff again asserts claims against Defendant—this time alleging Defendant improperly attempted to collect on the promissory note she executed in exchange for loan funds on the basis the loan was securitized. But as explained in the Report, Plaintiff lacks standing because she has not alleged any financial harm or other injury-in-fact resulting from the loan's securitization. [ECF No. 8 at 6–10.] While Plaintiff references several federal statutes in her complaint—either those statutes do not provide a private right of action, or the allegations lack factual support. *Id.* at 10–13. For these reasons, the magistrate judge recommends dismissal for lack of subject matter jurisdiction.

Plaintiff did not file objections to the Report. Instead, she filed a Notice of Motion and Motion to Intervene with an Injunction, ECF No. 12, and a Petition for Disclosure of All Criminal Bonds, Bonding, and Other Related Documents and/or Instruments, ECF No. 13. These filings do not directly address the Report. They cite the federal and state constitutions, federal and state statutes, and other rules and regulations, but they do not touch on the issue of standing. Petitioner references jurisdiction and provides some case cites cases and a statute, but she offers no argument as to their relevance. *See* ECF No. 12-1 at 1. In fact, the cited authorities appear to support the law cited in the Report. Without subject matter jurisdiction, this court lacks authority to proceed in this case.

At most, the court construes Plaintiff's filings as general objections to the Report. But "'[j]ust as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" *Elijah*, 66 F.4th at 460. The court finds no clear error in the Report, and Plaintiff, at most, only generally objects.

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error, adopts the Report, ECF No. 8, and incorporates it by reference herein. This case is **SUMMARILY DISMISSED without prejudice.** Also, because this court lacks subject matter jurisdiction, the court also **DISMISSES** Plaintiff's pending motions, ECF Nos. 12 & 13.

**IT IS SO ORDERED.**

June 23, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge